IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

EMMANUEL AGOMUOH, *et al.*,

    Plaintiffs,

v.

THE PNC FINANCIAL SERVICES
GROUP, *et al.*,

    Defendants.

Case No.: GJH-16-1939

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiffs Emmanuel Agomuoh and Nene Ross initiated this *pro se* action against Defendants the PNC Financial Services Group ("PNC"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and the Alba Law Group, P.A. (collectively, "Defendants") alleging various statutory and common law claims relating to Plaintiffs' home mortgage loan. Plaintiffs now ask the Court to reconsider its Memorandum Opinion granting Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Opinion"). No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Plaintiffs' Motion for Reconsideration, ECF No. 14, is denied.

### I.    BACKGROUND

The background facts of this case were fully set forth in the Opinion. ECF No. 12 at 1–5.[1] In the Complaint, Plaintiffs alleged state law claims of negligence, fraudulent concealment, civil conspiracy, as well as statutory violations of the Real Estate Settlement Procedures Act, 12

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

U.S.C. § 2601 *et seq.* ("RESPA"), the Maryland Consumer Debt Collection Act, Md. Code Com. Law § 14-201 *et seq.* ("MCDCA"), the Maryland Consumer Protection Act, Md. Code Com. Law § 13-301 *et seq.* ("MCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *See* ECF No. 1. The Court assessed each of Plaintiffs' nine claims, ultimately holding that Plaintiffs had failed to state a cognizable cause of action. ECF No. 12 at 15–26.

After the entry of judgment, Plaintiffs moved for reconsideration, arguing, *inter alia*, that Plaintiffs "do not owe a debt to PNC and thus there existed no valid right for [PNC] to collect the debt notwithstanding a default," and the Court "impermissibly" "reached the conclusion that PNC was both the owner and holder of the Note," ECF No. 14 at 3–8, "the Court has misconstrued and applied the pleading requirements of a state law negligence claim too narrowly," *id.* at 9, "the Court overlooked other asserted grounds for the existence of a legal duty as against Alba Law Group as Substitute Trustee," *id.* at 11, and the Court "misapprehended or overlooked" allegations in finding that Plaintiffs failed to allege a dual-tracking violation under RESPA, *id.* at 15–18. Defendants have responded in opposition to Plaintiffs' Motion for Reconsideration. ECF No. 15. Because Plaintiffs have identified no basis to invoke the extraordinary remedy of reconsideration, the Motion shall be denied.

## II. DISCUSSION

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see also Ford v. United States*, No. GJH-11-3039, 2016 WL 3430673, at *1 (D. Md. Mar. 16, 2016). One purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). However, "reconsideration of a judgment after its entry is an

2

extraordinary remedy which should be used sparingly." *Pac Ins. Co.*, 148 F.3d at 403 (citation omitted). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (citation omitted). "[M]ere disagreement" with the court's ruling does not support a motion to alter or amend the judgment. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Such limitations are necessary because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)).

The Fourth Circuit recognizes only three grounds on which a court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . .'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, 2015 WL 4937292, at *2 (D.S.C. August 18, 2015)); *see also TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) ("A prior decision does not qualify for this third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.") (internal citations and alterations omitted).

In the Motion for Reconsideration, Plaintiffs do not allege any intervening changes in controlling law, nor do they contend that new evidence has come to light. Rather, Plaintiffs assert that "the Court committed a fundamental error, in that it proceeded to determine a hotly disputed factual issue that was central to the allegations of the Complaint . . . that PNC was not the owner or holder of their loan . . ." ECF No. 14 at 1. Contrary to Plaintiffs' assertions, however, the Court expressly stated that it was not granting the motion to dismiss based on PNC's arguments about ownership of the Note and standing. *See* ECF No. 12 at 13–15. Rather, the Court found that the MCDCA, MCPA, and FDCPA claims failed as a matter of law because Plaintiffs had failed to plead the requisite elements of the respective claims. *See* ECF No. 12 at 21–26. In Plaintiffs' Motion for Reconsideration, Plaintiffs do not address their pleading deficiencies, much less identify a "clear error of law" warranting the reconsideration of judgment.

Plaintiffs' contentions regarding the dismissal of their negligence claims also fail. In the Opinion, the Court found Plaintiffs' negligence claims failed as a matter of law because Defendants did not owe tort duties to Plaintiffs. *See* ECF No. 12 at 15–16; *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 778–79 (4th Cir. 2013) (noting that "[b]anks typically do not have a fiduciary duty to their customers," and absent special circumstances, declining to impose a tort duty). Moreover, the Court found that Plaintiffs failed to allege an actionable violation of RESPA. *See* ECF No. 12 at 15–16, 18–20. Plaintiffs' newly-minted argument — that the lack of a private right of action under the Home Affordable Modification Program (HAMP) does not preclude plaintiffs from raising state law claims[2] — is neither helpful to their claims, nor proper

---

[2] Plaintiffs cite *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 776, n.4 (4th Cir. 2013) for this proposition. The *Spaulding* court clearly rejected the argument that banks owe fiduciary duties to their customers absent special circumstances. The court further reasoned that even assuming that banks owe customers a duty to process HAMP applications with reasonable care, "mere disagreement with how [the bank] conducted the application process does not give [plaintiffs] enforceable rights." *Id.* n.5. Further, as was the case in *Spaulding*, Plaintiffs here have failed to allege a breach in the standard of care attributable to Defendants. *See id.* n.4.

4

upon a motion to reconsider. *See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998) (noting that "Rule 59(e) may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment."). Indeed, nothing in Plaintiffs' Motion for Reconsideration establishes a clear error of law in the Court's previous dismissal of Plaintiffs' negligence claims. To the extent that Plaintiffs further object to the Court's findings on the RESPA claim regarding "dual-tracking," Plaintiffs merely disagree with the Court. *See* ECF No. 14 at 16–18.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is denied. A separate Order shall issue.

Date: July 5, 2017

GEORGE J. HAZEL
United States District Judge

5